UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


**CHERRIE R. PORTER**                                                                                  **PLAINTIFF**


**V.**                                                            **CIVIL ACTION NO.1:06CV120 LTS-RHW**


**GRAND CASINO OF MISSISSIPPI, INC.- BILOXI,**
**STATE FARM FIRE AND CASUALTY COMPANY, and**
**MAX MULLINS, ET AL.**                                                                            **DEFENDANTS**


## MEMORANDUM OPINION

The Court has before it the plaintiff's motion [10] to remand this action to the state court from which it was removed.  For the reasons set out below, this motion will be granted.

This is an action for property damage that occurred during Hurricane Katrina.  The plaintiff alleges that during the storm, barges under the control of Grand Casino of Mississippi, Inc.-Biloxi (Grand Casino) broke loose from their moorings and allided with her property at 450 East Beach Boulevard, Biloxi, Mississippi, causing extensive damage.

Plaintiff filed her state court complaint against both Grand Casino and against the insurer of the damaged property, State Farm Fire and Casualty Company (State Farm).  Plaintiff also named the agent who sold her the State Farm policy, Max Mullins (Mullins) as a defendant, alleging that he was negligent in connection with the procurement of the plaintiff's insurance coverage.  The action was removed on February 22, 2006, by State Farm and Mullins.  Grand Casino consented to the removal.

Grand Casino filed a separate action seeking limitation of liability, *In the Matter of the Complaint of Grand Casino of Mississippi, Inc.-Biloxi, for its Interest in and to the Vessels making up the Grand Casino Biloxi, for Exoneration from or Limitation of Liability*, Civil Action No. 1:06cv195 LG-RHW.  On July 26, 2006, I signed an order [30] deferring a ruling on the plaintiff's motion to remand [10], pending resolution of the limitation action.  The limitation action was dismissed on January 23, 2007, based on a finding that the Grand Casino barges did not qualify as vessels for the purpose of establishing the merits of the limitation action or for the purpose of establishing the district court's subject matter jurisdiction under 28 U.S.C. §1333.

State Farm removed this case on two alternative grounds: federal question jurisdiction under 28 U.S.C. §1331, and diversity jurisdiction under 28 U.S.C. §1332.

Plaintiff is a Mississippi resident citizen. State Farm asserts that the joinder of Mullins was fraudulent, so that Mullins's citizenship (Mississippi) should be disregarded. State Farm alleged that the joinder of Grand Casino, whose principal place of business is in Mississippi (Gulfport) is improper. From these two propositions, State Farm asserts that this Court has subject matter jurisdiction based on the diversity of citizenship between the plaintiff and State Farm, an Illinois corporation with its principal place of business in Illinois.

My review of the state court complaint indicates that the plaintiff has pled a theoretically sound cause of action for negligence against Grand Casino. That is not to say that the plaintiff's claim is necessarily meritorious, but that it is well-pled. This being the case, I find that I do not have subject matter jurisdiction under 28 U.S.C. §1332, since Grand Casino's principal place of business is in Mississippi, the state of the plaintiff's residence and citizenship. The question of whether the joinder of Grand Casino is proper must be addressed to the Court that does have subject matter jurisdiction, the state court in which this action was filed.

State Farm's assertion of federal question jurisdiction is based upon the National Flood Insurance Act, 42 U.S.C. §§4013(a), 4019, 4071, 4081. State Farm contends that the National Flood Insurance Program may have a right of subrogation against Grand Casino in the event the plaintiff proves the merits of her claim against Grand Casino.

There is no federal question on the face of the plaintiff's complaint. *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 772 (5th Cir. 2003); *Summerline v. Scott Petroleum Corp*. 324 F.Supp.2d 810 (S.D.Miss.2004). The theory of possible subrogation in the event the plaintiff succeeds on the merits of her claim against the Grand Casino is far too speculative to support subject matter jurisdiction of this action. State Farm's standing to assert this claim is questionable, at best.

Accordingly, I find that this Court lacks subject matter jurisdiction of this action. The motion [10] to remand will therefore be granted. An appropriate order will be entered.

**DECIDED** this 14th day of February, 2007.

s/ *L. T. Senter, Jr.*
L. T. Senter, Jr.
Senior Judge